
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDER WILLIAN CARDONA-OLIVA, AKA Helder Wiliam Cardona-Oliva, AKA Elder Wiliam Contreras-Oliva, AKA Elder Willian Contreras-Oliva, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73717 <br><br> Agency No. A200-036-538 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER and N.R. SMITH, Circuit Judges.

Elder Willian Cardona-Oliva, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's decision denying his application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo conclusions of law and for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The BIA's issuance of a summary affirmance without opinion did not violate Cardona's constitutional right to due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003).

Cardona's complaints of mistreatment and threats in Mexico by members of a political party and his ex-wife's boyfriend cannot establish his eligibility for asylum, because Cardona admits that he is a native and citizen of Guatemala who has never established legal residency in Mexico. *See* 8 U.S.C. § 1101(a)(42)(A) (in order to be eligible for asylum, an applicant must establish inability or unwillingness to return "any country of such person's nationality or, in the case of a person having no nationality, . . . any country in which such person last habitually resided"). Thus, Cardona's asylum claim based on events in Mexico fails.

Substantial evidence supports the agency's finding that Cardona has failed to establish eligibility for asylum based on his fear of gangs in Guatemala. The risk that Cardona may be subjected to gang violence that is generally prevalent in

Guatemala, or that gangs who have targeted Cardona's uncle in the past may mistake Cardona for his uncle, is insufficient to establish eligibility for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears to nexus to a protected ground.").

Because Cardona has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Cardona failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

12-73717